OF THE

# COURT OF APPEALS

OF THE

## STATE OF COLORADO.

### SEPTEMBER TERM, 1893.

THE MAGNA CHARTA SILVER MINING AND TUNNEL COMPANY, APPELLANT, v. TAPSCOTT, APPELLEE.

1. EVIDENCE.
An instrument in form a due bill signed by a party as superintendent of a corporation payable to himself does not bind his company, or dispense with proof of the facts out of which the alleged indebtedness arose.
2. PRACTICE.
The findings of fact by the court below with reference to admissions made in open court, are conclusive upon review.
3. SAME.
Allegations in a complaint touching the execution and delivery of an instrument which is unavailable for any purpose are mere surplusage, and do not require a verified answer.

*Appeal from the County Court of Gunnison County.*

Messrs. GULLETT & BROWN, and Messrs. HELM & GOUDY, for appellant.

Mr. DEXTER T. SAPP, for appellee.

VOL. IV.—1

(1)

THOMSON, J., delivered the opinion of the court.

The Magna Charta Silver Mining and Tunnel Company appeals to this court from two judgments rendered against it and in favor of Henry C. Tapscott. After the transcripts had been filed in this court, in pursuance of written stipulations between the respective counsel, it was ordered that the two causes be consolidated and heard as one case. The cases are between the same parties : except as to the amounts involved, the pleadings are the same, and raise precisely the same questions ; they seem to have been tried together below, and at the trial the same proceedings were had in both cases ; so that the conclusions which we may reach in one will be decisive also of the other. In the case which we have selected for consideration, the complaint of the plaintiff, Tapscott, alleges an indebtedness to him from the defendant of $1,775.70, for work and labor performed for it by the plaintiff, for team work done by plaintiff's teams, and for money laid out and expended for it by him at its request ; and that the indebtedness was evidenced by certain written instruments, executed and delivered by defendant to plaintiff. These alleged instruments are set out in full in the complaint. The first is as follows :

"$399,24.            TOMICHI, Colorado, November 12, 1891.
    "Due H. C. Tapscott the sum of $515.81 for work and labor for the Magna Charta S. M. & Tunnel Co. in the month of August. Over draft as per book, $116.57, balance due $399.24.                    H. C. TAPSCOTT, Supt."

The others are in the same form, bear the same date, and are executed in the same manner.

The answer of the defendant denies the allegations of the complaint, except that it is a corporation; and, by way of cross complaint, avers the taking and conversion by plaintiff of about $4,000 of defendant's money ; and demands an accounting and judgment. The answer was not verified in the

form prescribed by the code. Plaintiff answered the cross complaint, denying its allegations.

The following are the proceedings had at the trial as recited in the record:

"Counsel for defendant then admitted the due execution of the instruments set out in the complaint, and that H. C. Tapscott, who executed the same as superintendent of defendant company, had, at the time he executed the same, full power and authority from the defendant company to execute and deliver the same, and that their defense is, that plaintiff, while acting as superintendent, had received and appropriated to his own use moneys of the defendant in excess of said claims to the amount of four thousand dollars. It was also admitted that the amended answer and cross complaint were not verified. After due deliberation the court ruled that the plaintiff's case was made out under the pleadings and admissions, and that the burden of disproving the same was upon the defendant, and ordered that the defendant now proceed with the testimony; whereupon defendant's attorneys then refused to proceed with their side of the case, and stated that they would not introduce any evidence, and rested."

The court rendered judgment for the plaintiff for the amount of his demand and interest. Some three or four weeks after the rendition of this judgment, the defendant moved the court to amend the record, so as to exclude the statement that the defendant admitted Tapscott's authority to execute the instruments, and other alleged similar admissions. The motion was supported by affidavits, and resisted by counter affidavits. The affidavits in support of the motion denied the admissions as contained in the record, and averred that what was said by counsel was, that "he did not think there would be any serious question raised as to the general authority of plaintiff to issue time checks for defendant, when we get into the trial of the case." The counter affidavits affirm the correctness of the record. The court denied the motion, and the ruling is assigned for error. We cannot say that the court erred in denying the motion. What was, or what was not,

admitted, was purely a question of fact.    Whatever was said,
was said in the presence of the court.    Upon an examination
of the affidavits, reinforced by its own recollection, the court
overruled the motion, and we cannot interfere with its ruling.
We are therefore bound to assume that the admissions made
were as the record states them.

The principal other assignment is that the court erred in
rendering judgment against defendant without any proof;
and this demands a somewhat more extended consideration.
If the effect of the language of defendant's counsel, as it ap-
pears in the record, is to admit the indebtedness of defend-
ant to plaintiff, as such indebtedness is stated in the complaint,
then the judgment is correct.    To determine whether this is
so or not requires an examination and construction of the
language of the admissions, in which we will be aided by
reference to the pleadings in the case.

The instruments set out in the complaint are, in them-
selves, no evidence of any indebtedness.    They were executed
by the plaintiff to himself.    They were signed by him as
superintendent, and payable to him as defendant's employee.
They did not in any manner bind his company, or dispense
with proof of the facts out of which the alleged indebtedness
arose.    The law does not permit a party to manufacture
evidence for himself in that way.    The complaint states the
particulars of an indebtedness independently of the written
instruments, and is therefore good.    It is upon the indebted-
ness so stated that the suit is brought;    and no judgment
could be rendered for that, without proof.    The allegation
of the execution and delivery of the instruments, and the
copies set forth, are mere surplusage, and would have been
stricken out upon motion.    Considering the character of the
instruments, and their want of availability at the trial for
any purpose, a verification of the answer was unnecessary.
The denials went to the allegations of indebtedness.    The
only issue made by the denials was the fact and the extent
of the indebtedness; and the proof necessary to entitle plain-
tiff to judgment, must go to the establishment of the claims

for which the instruments are alleged to have been given, without reference to the instruments themselves.

The admission at the trial that the instruments were executed by the plaintiff, and that he had authority from the defendant to execute them, would dispense with proof, if such proof would be competent, of such execution and such authority; but it would not change their character, or make other or different instruments of them, or give them an effect which they did not have before; such proof, or such admission, would not establish the indebtedness; and if the admission went no further, it would not be sufficient to justify the court in rendering judgment as it did.

The statement in the admissions, that the defense was that plaintiff, while acting as superintendent, had received and appropriated to his own use moneys of defendant largely in excess of his claims, is more troublesome. It might seem, at first view, to imply an admission of the indebtedness, inasmuch as it might justify an inference that the excess in its favor, over the entire amount claimed, was all that it demanded; or in other words, that its defense was confined to its cross complaint. But we think a closer inspection and analysis of the language will lead to a different conclusion. There is no direct admission that the defendant owed the claims, or owed the amount for which suit was brought; or that the plaintiff, or his teams, had performed the work and labor, or that he had expended the money for defendant, which he alleged, and the allegation of which constituted his claims; nor do we think such admission is necessarily implied. The plaintiff asserted a claim or claims against the defendant, which might be valid and just, or otherwise; and the use by counsel of the word "claims" in the connection in which it was used, and the statement that the defense was an appropriation by plaintiff of defendant's money in excess of these claims, would seem to be nothing more than a recognition of the fact that the claims were asserted; and would not imply an admission of their validity or justice. They were mentioned in connection with defendant's demand,

which, it was stated, largely exceeded them in amount. We think the true construction of the language employed by counsel would be, that the defense was that defendant's claim against plaintiff was larger in amount than his claims against it, and that notwithstanding he might be able to substantiate his claims, in whole or in part, defendant would still be entitled to judgment for an excess.

It follows from this that before any judgment could be rendered in plaintiff's favor he must have established his demand by evidence; and, this not having been done, the judgment in each case was erroneous, and must be reversed.

*Reversed.*